## McGarvey's Guardian v. McGarvey's Admr., et al.

### (Decided March 2, 1915.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law and Equity Division).

1. Death—Damages—Apportionment of Recovery Under Federal Employers' Liability Act—Where Compromise Effected.—An infant son of the injured servant is entitled to participate in a recovery under the Federal Employers' Liability Act although his mother had obtained a divorce from the father, and at the time of the death, the son was not actually receiving aid from his father, where the son was without means himself. The legal liability of the father to support his son was alone sufficient to constitute some ground of reasonable expectation of pecuniary benefits to be derived from a continuance of the father's life.

2. Commerce—Power to Regulate in General—Exclusive Power of Congress.—The right of action given by the Federal Employers' Liability Act for the wrongful death of a servant of a railroad company engaged in interstate commerce, is exclusive.

ARTHUR C. HALL, L. J. DISKIN and W. J. BOLES for appellant.

MOODY & BARBOUR for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

John McGarvey, while in the discharge of his duties as a switchman in the employment of the Louisville & Nashville Railroad Company, a carrier of interstate commerce, was killed in a collision in the yards of the railroad company at Latonia, Kentucky.

John McGarvey married Lucretia McGarvey October 3, 1895. A son, Henry, was born to them August 19, 1896. In 1906 he abandoned his wife and son; and on December 9, 1912, she obtained a judgment of divorce in the Campbell Circuit Court, by the terms of which she was awarded the custody of their child Henry. There was no judgment for alimony.

On March 15, 1913, John McGarvey married Mary McGarvey, and on April 7, 1913, he was killed, and S. R. Adcock, father of Mary McGarvey, was appointed administrator of the estate by the county court of Kenton County, and duly qualified as such administrator.

The administrator effected a settlement with the railroad company for the wrongful killing of his intestate, in the sum of five thousand dollars, no attorney being employed by him.

Thereupon Henry McGarvey's guardian brought this suit in the Kenton Circuit Court against John McGarvey's administrator, seeking a recovery of one-half the amount of the five thousand dollars received by him from the railroad company.

The trial court rendered a judgment for the defendant administrator, dismissing the petition. Plaintiff guardian appeals.

1.  The railroad company being a common carrier engaged in interstate commerce, and McGarvey having been employed by the railroad in such commerce at the time he was killed, the recovery is controlled by the Federal Employers' Liability Act, for, under the state of case mentioned, that act controls to the exclusion of all State regulation.  Southern Pacific Company v. Schuyler, 227 U. S., 601; Nor. Car. R. Co. v. Zachary, 232 U. S., 248; Ill. Cent. R. R. v. Doherty's Admr., 153 Ky., 363, 155 S. W., 1119, 47 L. R. A. (N. S.), 31.

2.  The Federal Employers' Liability Act (35 Stat. at L. Chap. 149) of April 22, 1908, permits a recovery in such state of case for the benefit of the surviving widow or husband and children of the employe; and, if none, then of such employe's parents; and, if none, then of the next of kin dependent upon such employe.

Upon a literal construction of the act, it would appear that Henry McGarvey, being a child of the decedent, John McGarvey, is clearly entitled to share in the recovery.  But, in construing the act in question, the Supreme Court of the United States has held that where a surviving child was neither dependent upon nor had any reasonable ground for expecting any pecuniary benefit from a continuance of the life of the deceased employe, such child had no right to participate in a recovery under the act.  Gulf C. & S. F. R. Co. v. McGinnis, 228 U. S., 173, 57 L. Ed., 785.

In Mich. Cent. R. Co. v. Vreeland, 227 U. S., 59, 57 L. Ed., 417, 33 S. Ct., 192, the court said: "The pecuniary loss is not dependent upon any legal liability of the injured person to the beneficiary. That is not the sole test. There must, however, appear some reasonable expectation of pecuniary assistance or support of which they have been deprived."

In Am. R. R. Co. v. Didricksen, 227 U. S., 145, the court said: "The damages recoverable are limited to, such loss as results to them (the beneficiaries) because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employe."

In the McGinnis case, *supra*, the court also said that the recovery is not for the equal benefit of the surviving beneficiaries, but that the interest of each therein must be measured by his or her individual pecuniary loss.

In these and other cases the court has explained that the action authorized under the act of April 22, 1908, is not one that survives the decedent; but is an independent and distinct right created by the statute upon behalf of those mentioned therein, and that the benefits thereof are available only to such persons therein mentioned as have been deprived of a reasonable expectation of pecuniary benefits by reason of the wrongful killing of the injured employe.

So that the question of the right of Henry McGarvey to participate in the fund received by the administrator of the estate of John McGarvey from the railroad company must be determined by the test of whether he was dependent upon or had any reasonable expectation of any pecuniary benefit from a continuance of his father's life.

It is admitted upon the record that the decedent did not contribute anything towards the support of his son, Henry, subsequent to the date of the desertion; but it is the duty of a father to provide for the maintenance of his minor children where such children are themselves without sufficient means therefor, and this obligation is neither relieved nor diminished by the fact that the parents have separated. Clay's Guardian v. Clay, 87 S. W., 807, 27 R., 1020; 29 Cyc., 1607.

At the time of the death of his father, Henry McGarvey was sixteen years and eight months of age; he was not strong physically; had no means or income of

his own; and his education was yet to be completed.  His mother was also without means or income to support or educate him, and he was making an effort to educate himself.  Under these circumstances, we think the legal liability of his father to his son was alone sufficient to constitute some ground of reasonable expectation of pecuniary benefits of which he was deprived by the wrongful killing of his father; and that, therefore, he is entitled to participate in the recovery.

3.  There yet remains the question of the extent to which he is entitled to participate therein.  If we were making this finding as an original proposition—that is, as a jury—the result reached might be different; but here the amount of the recovery is already ascertained and fixed, and the only question involved is the proper division of the fund in an equitable way.

The widow was about thirty years of age at the time of her husband's death, and in good health, but without means or income; and, comparing the condition and position of the two, we have reached the conclusion that the pecuniary loss to both son and widow is approximately the same upon a per annum basis.

Considering the pecuniary loss to each to be the same sum per annum, the recovery should be divided on the basis of the respective periods during which the two beneficiaries will sustain pecuniary loss.

Upon this question counsel for appellant argues that the period of pecuniary loss to the son should embrace such time beyond the date of his attaining the age of twenty-one years as would reasonably be required to educate him for the medical profession, as there is some evidence in the record that his father had expressed a determination to give him such an education; counsel insisting that to do this would require six years, and that, therefore, such is the period of his pecuniary loss.

Counsel for appellee insists that his pecuniary loss should not be extended beyond the date of his attaining the age of twenty-one years; and that the period of pecuniary loss to the widow should be her expectancy of life according to the life tables, which is thirty years. We cannot, however, agree wholly with either contention.

It may be conceded that the expectations of the son may extend beyond the date of his attaining the age of twenty-one years, but his dependency would not, and, as that is the date of the termination of the legal lia-

bility of the father, it should, under ordinary circumstances, be the end of the period of pecuniary loss to him.

The expectancy of life of the widow might be greater than that of the deceased husband, or it might be less, but her dependency for support could not extend longer than his expectancy of life, as the support must then cease; if her life expectancy is less than that of the husband, the period of pecuniary loss would be governed by her expectancy; if her life expectancy is greater than that of her husband, then her period of pecuniary loss should be governed by his expectancy of life.

In this case, from the death of John McGarvey until the date upon which Henry McGarvey will have attained the age of twenty-one years, is four years and four months; and McGarvey's expectancy of life was 27.34 years, that of his widow being greater. And, dividing the recovery on the basis of the respective periods of pecuniary loss, the widow is entitled to 86.32% thereof, or $4,316.00, and the son is entitled to 13.68% thereof, or $684.00.

The judgment of the lower court is, therefore, reversed, with directions to proceed in conformity with this opinion.