## Davis, Agent, etc. v. Dye.

(Decided June 18, 1926.)

### Appeal from Pike Circuit Court.

1. Railroads.—Suit against presidential agent for injuries to railway employee during federal control is suit against United States, and cannot be maintained without express permission.

2. Railroads—Statutory Period for Bringing Suit is Limitation on Liability for Injuries to Employee During Federal Control (Transportation Act, Feb. 28, 1920, Section 206, as Amended by Act Cong. Feb. 24, 1922, Section 1 [U. S. Comp. St. Ann. Supp. 1923, Section 10071¼cc]).—As Transportation Act Feb. 28, 1920, creating government's liability for injury to railway employee during federal control, also imposed limitations on enforcement thereof, period named in section 206, as amended by Act Cong. Feb. 24, 1922, section 1 (U. S. Comp. St. Ann. Supp. 1923, section 10071¼cc), for bringing suit is limitation on liability.

3. Railroads—Suit on Cause Arising from Federal Control of Railroads Must be Brought Within Time Limited (Transportaton Act Feb. 28, 1920, Section 206, as Amended by Act Cong. Feb. 24, 1922, Section 1 [U. S. Comp. St. Ann. Supp. 1923, Section 10071¼cc]).—Government could attach any conditions desired to consent, given by Transportation Act Feb. 28, 1920, to be sued on causes arising from federal contorl of railroads, and litigants must comply with such provisions, including time limitation of section 206, as amended by Act Cong. Feb. 24, 1922, section 1 (U. S. Comp. St. Ann. Supp. 1923, section 10071¼cc).

4. Courts—State court must be guided by federal court's decisions in construing federal statutes.

5. Railroads.—Ky. Stats., section 2525, as to infancy, does not toll operation of Transportation Act Feb. 28, 1920, section 206, as amended by Act Cong. Feb. 24, 1922, section 1 (U. S. Comp. St. Ann. Supp. 1923, section 10071¼cc), as to time for suit on cause arising from federal control of railroads under Federal Control

Act (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, sections 3115¾a-3115¾D), or Act Cong. Aug. 29, 1916 (39 Stat. 619).

WORTHINGTON, BROWNING & REED and KIRK, KIRK & WELLS for appellant.

PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant seeks to reverse a judgment for $10,000.00 recovered by the appellee, whom we will refer to as the plaintiff. The plaintiff was injured in September, 1918, while at work on the C. & O. Ry., which was then in the hands of the government. He began this suit on July 26, 1922. There is but one question presented by this appeal, and that is, was his cause of action barred by the statute of limitations? Section 206 of the Transportation Act, which was passed February 28, 1920, reads as follows:

"Actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or of the act of August 29, 1916). of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits or proceedings may, within the periods of limitation now prescribed by the state or federal statutes, but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier; except that actions to enforce awards made by the commission under the provisions of subdivision (c) brought against the agent so designated by the President may be brought within one year after the date of the commission's award."

It will be noted that it is expressly provided that actions arising out of the federal control of the railroads

may be brought "within the periods of limitation now prescribed by state or federal statutes, but not later than two years from the date of the passage of this act."

To avoid the plea of limitations, the plaintiff relied upon his infancy, as provided by section 2525, Kentucky Statutes, and about the only question to be decided is, do the provisions of section 2525 operate to extend the period of limitations prescribed by the federal statutes? This, in reality, is a suit against the United States. Without express permission so to do, this suit could not be maintained. The plaintiff's right to maintain this action arises out of and is based upon section 206, quoted above. Inasmuch as the same statute which created the liability on the part of the government, imposed the limitations upon the enforcement thereof, the period of two years named in the act is a limitation upon the liability itself. The government, when it gave its consent to be sued, had the right to attach such conditions thereto as it desired, and it is incumbent upon all litigants to comply with such provisions.

As the question before us is the construction of a federal statute, we must be guided by the decisions of the federal courts. In the case of Wm. Danzer & Co. v. Gulf & Ship Island Railroad Company, 268 U. S. 633, 45 S. Ct. Rep. 612, 69 L. Ed. 1126, the Supreme Court of the United States construed section 206. In that case it said:

> "It is settled by the decisions of this court that the lapse of time not only barred the remedy but also destroyed the liability . . . On the expiration of the two-year period, it was as if liability had never existed."

It follows that the trial court erred when it held that section 2525 of the Kentucky Statutes could toll the operation of the federal statute.

The judgment is reversed.

The whole court sitting.