# Chesapeake & Ohio Railway Company v. Stapleton's Guardian.

(Decided February 14, 1928.)

## Appeal from Floyd Circuit Court.

1.  Commerce.—Federal Employers' Liability Act (45 USCA, secs. 51-59 [U. S. Comp. Stats., secs. 8657-8665]) is supreme in its field, and supersedes state statute where there is conflict between them.

2.  Master and Servant.—Violation of Ky. Stats., sec. 331a-9, forbidding employment of children under age of 16 years to perform specified kinds of work or to work at certain places, is negligence.

3.  Master and Servant.—Where railroad employs children under age of 16 years to work on section gang in violation of Ky. Stats., sec. 331a-9, it is negligent within Federal Employers' Liability Act (45 USCA, secs. 51-59 [U. S. Comp. Stats., secs. 8657-8665]).

4.  Master and Servant.—Whether railroad company is guilty of negligence within Federal Employers' Liability Act (45 USCA, secs. 51-59 [U. S. Comp. Stats., secs. 8657-8665]) depends upon law of state where injury happens, unless law of state is in conflict with said federal statute.

5.  Master and Servant.—Section hand under age of 16 years employed in violation of Ky. Stats., sec. 331a-9, and injured while crawling under train in carrying water in accordance with duties, held not precluded from recovery under Federal Employers' Liability Act (45 USCA, secs. 51-59 [U. S. Comp. Stats., secs. 8657-8665]), on ground that he made improper, unnecessary, and unauthorized use of premises.

6.  Trial.—Failure to submit to jury whether injured employee under age of 16 years was engaged in work prohibited by Ky. Stats., sec. 331a-9 held not error, in action under Federal Employers' Liability Act (45 USCA, secs. 51-59 [U. S. Comp. Stats., secs. 8657-8665]), where every instruction requested by railroad was given.

7.  Appeal and Error.—Verdict will not be disturbed by Court of Appeals as to amount of damages unless amount is so disproportionate to injury as to appear at first blush to be result of prejudice or passion.

8.  Damages.—$17,500 verdict held not excessive where 15 year old section hand suffered loss of right hand, except thumb, and broken leg, and spent six weeks in hospital, and there was some evidence that his right arm was perishing away and that his leg was swollen and enlarged.

BROWNING & REED, COMBS & COMBS and KIRK, KIRK & WELLS for appellant.

B. M. JAMES and JOE HOBSON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellee Tobe Stapleton, while endeavoring to crawl under one of appellant's freight trains, was run over, sustaining injuries which consisted of a broken leg and the loss of four fingers on his right hand. At the time of the accident he was employed by appellant as a section laborer, and he had been so employed for about nine months. When he was not engaged in carrying water to the other section hands he worked with them on the track. It was a part of his duties to carry water from a spring located across the tracks of appellant, and as appellee went to and returned from the spring he necessarily crossed the tracks. On the date of his injury, October 1, 1925, he had gone to the spring after a bucket of water. A freight train had pulled in on a side track and stopped, thus blocking his path. Assuming that the freight train would remain on the side track until a passenger train had gone by appellee attempted to crawl under the freight train with his bucket of water. Neither the train crew nor any other member of the section gang appeared to have known of his attempt to crawl under the train until the accident occurred. While he was under the train the engineer moved the train and caught appellee, inflicting upon him the injuries complained of. His right hand was cut off from his wrist diagonally across the hand leaving only the thumb. His right leg was broken and crushed. He was confined in a hospital for about six weeks. He testified that his right arm is perishing and that his right leg is crooked and enlarged.

At the time of his injury Stapleton was 15 years of age. Suit was instituted by appellee's guardian to recover damages for these injuries, the action being brought under the Federal Employers' Liability Act (45 USCA sections 51-59 [U. S. Comp. St. sections 8657-8665]). It is conceded that both appellee and appellant were, at the time of the accident, engaged in interstate commerce. The petition alleged two specific acts of negligence: First, the negligence of the train crew in moving or backing the train which injured appellee; and, second, the employment of appellee by appellant in violation of section 331a-9, Ky. Stats. A trial resulted in a verdict in favor of appellee for $17,500.

The crucial question in this case is whether appellee was entitled to recover in this action because of his em-

ployment by appellant in violation of the aforesaid section of Ky. Stats. It is argued by counsel for appellant that in actions under the federal statute the right of recovery is dependent upon the principles of the common law as interpreted by the federal courts, and that the right of action created by the statute can neither be broadened nor limited by any state statute. It is admitted by counsel for appellant that if appellee was employed in violation of the aforesaid section of the statute that he could recover in an action under the state or common law for an injury sustained in the course of such employment. It was so held in the case of Louisville, Henderson & St. Louis Railway Co. v. Lyons, 155 Ky. 396, 159 S. W. 971, 48 L. R. A. (N. S.) 667; Sanitary Laundry Co. v. Adams, 183 Ky. 39, 208 S. W. 6; Clark v. Wells-Elkhorn Coal Co., 215 Ky. 128, 284 S. W. 91. It is suggested in the brief for appellant that the controlling and exclusive nature of the federal statute has been recognized and stated by this court in a number of cases, among the number being Davis, Agent, etc., v. Dye, 215 Ky. 216, 284 S. W. 1094; South Covington & Cincinnati Street Railway Co. v. Finan's Adm'x, 153 Ky. 340, 155 S. W. 742; Illinois Central Railroad Co. v. Doherty's Adm'r, 153 Ky. 363, 155 S. W. 1119, 47 L. R. A. (N. S.) 31; L. & N. R. R. Co. v. Strange's Adm'x, 156 Ky. 439, 161 S. W. 239; McGarvey's Guardian v. McGarvey's Adm'r, 163 Ky. 242, 173 S. W. 765; and Cincinnati N. O. & T. P. R. Co. v. Clarke, 169 Ky. 662, 185 S. W. 94.

In the case of Davis, Agent, v. Dye, supra, the only question considered was that of limitation. The court held that the suit could not be maintained at all against the government without its consent, and that when it gave its consent to be sued it had the right to attach such conditions thereto as it desired. The federal statute in effect was held to be in conflict with the Kentucky statute relied on.

In the case of Covington & Cincinnati Street Railway Co. v. Finan's Adm'x, supra, it was held by this court that the Employers' Liability Act was to supersede the state laws on the same subjects. That is true, but the Employers' Liability Act does not undertake to define negligence, and therefore there appears no reason for holding that it supersedes section 331a-9, Ky. Stats. In the case of Illinois Central Railway Co. v. Doherty's Adm'r, supra, it was held that the Employers' Liability

Act supersedes all state laws upon the same subject. That act (section 2) mades a railroad company liable in damages for "injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." That is the only provision of the act relating to negligence, and that provision would not supersede any law of a state defining negligence. In the case of L. & N. R. R. Co. v. Strange's Adm'x, supra, the court stated the points of dissimilarity between the rights of a party in a suit under the state law and in a suit under the federal statute. In the case of McGarvey's Guardian v. McGarvey's Adm'r, supra, this court held that the recovery in that case was controlled by the federal act because under the state of case mentioned the federal act controlled to the exclusion of all state regulation. In the case of C., N. O. & T. P. Ry. Co. v. Clarke, supra, this court held that the federal act supersedes the common law of the state when relief may be properly had under the federal act.

Taking all of these cases cited and relied on by coun sel for appellant, we do not find that they support the contention of appellant either individually or collectively. In the case of Seaboard A. L. R. Co. v. Horton, 233 U. S. 492, 34 S. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, the Supreme Court appears to have gone no further than to hold that the state law is superseded by the federal law where the federal law is in conflict with the state statute. There can be no doubt that the federal act is supreme, and, where there is a conflict between the federal act and the statute of the state, the state statute is superseded by the federal act.

In the case of C., N. O. & T. P. Ry. Co. v. Swann's Adm'x, 160 Ky. 458, 169 S. W. 886, L. R. A. 1915C, 27, this court said:

> "It will be noticed that the federal act under which this action was brought does not undertake to define the character or degree of negligence necessary to a recovery. This being so, we think that when an action is brought under the federal act in our state courts to recover damages for injuries suffered on account of the negligence of another employee the rules of law prevailing in this state must be looked to in determining whether the acts or omissions complained of amount to negligence. There is

no difference in cases like this in the character or degree of negligence necessary to sustain a verdict and judgment, whether the action be brought under the federal or state law. The negligence that would authorize a recovery under one would authorize it under the other.''

The opinion in that case on this point appears to us to be a sound interpretation of the law, and unless the United States Supreme Court has placed a different construction on the federal act, we see no reason to depart from the principles announced in the quotation above.

It is insisted, however, that the Supreme Court has placed a different construction on the federal act, but an examination of the authorities cited and relied on by appellant does not convince us that the contention of appellant is sound. On the other hand, the rule contended for by counsel for appellee was fully sustained in the case of Frese v. Chicago, Burlington & Quincy Ry. Co., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131. In that case it appeared that an engineer was injured in a collision and sued the railroad company under the federal act to recover. The accident occurred in Illinois, which state had a statute then in force providing that:

"All trains running on any railroad in this state, when approaching a crossing with another railroad upon the same level, or when approaching a swing or draw bridge, in use as such, shall be brought to a full stop before reaching the same, and within eight hundred (800) feet therefrom, and the engineer or other person in charge of the engine attached to the train shall positively ascertain that the way is clear." Hurd's Rev. St. 1921, c. 114, sec. 75.

The engineer was denied a recovery on the ground that he did not ascertain that the way was clear before entering upon the crossing. In discussing the question the Supreme Court said:

"Moreover, the statute makes it the personal duty of the engineer positively to ascertain that the train can safely resume its course. Whatever may have been the practice, he could not escape this duty, and it would be a perversion of the (Federal Employers' Act) to hold that he could recover for an injury primarily due to his failure to act as re-

quired, on the ground that possibly the injury might have been prevented if his subordinate had done more."

In concluding the opinion of that case the court said:

"There is no doubt that the statute of Illinois applied to this case."

The violation of section 331a-9 is negligence. The Federal Employers' Liability Act makes a railroad company liable for negligence. That section of Ky. Stats. is not superseded by the federal act. Whether the railroad company is guilty of negligence depends upon the law of the state where the injury happened unless the law of the state is in conflict with the federal act.

It is insisted by counsel for appellant that appellee is not entitled to recover for the reason that when he was injured he was making an improper, unnecessary, and unauthorized use of the master's premises. It is true his duties did not require him to crawl under or through the standing train, but he was attempting to discharge his duties when he did so. He was not a volunteer or acting outside the scope of his employment. He would not have attempted to crawl under the train in carrying water to the section hands if he had not been employed by appellant in violation of the statute. It was said by this court in the case of Louisville, Henderson & St. Louis Railway Company v. Lyons, supra:

"The lives and limbs of children are too valuable to be sacrificed in dangerous employments, and if an employer, in violation of the statute, engages the services of a child in such an employment, he must see to it that no harm comes to him, or if it does, he must compensate him, in so far as money can do for the injury inflicted.

It is said in brief for appellant that its motion for a peremptory instruction should have been sustained because the action is based on the Federal Employers' Liability Act, and that appellee was not entitled to recover because of the violation of section 331a-9, Ky. Stats. We disagree with counsel on that point. It is also said that a peremptory instruction should have been given, because aside from the alleged violation of the state statute the evidence fails to disclose any negligence which contributed to or caused the accident complained

of. The violation of the statute was sufficient, and it was unnecessary to establish any other negligence which contributed to or caused the accident complained of.

Complaint is made about the instructions given by the court. It is suggested that instruction No. 3 given by the court is equivalent to a peremptory instruction to find for the plaintiff. That is true, and it is as it should be. The only objection to the instruction is that it should have submitted to the jury the question as to whether or not appellee was employed in work of the character prohibited by the statute. If any such instruction was asked for by appellant, we do not find it in the record. The court appears to have given every instruction asked for by appellant.

The last alleged error complained of is that the verdict is excessive, and that it is out of proportion to the injuries sustained. Appellee lost his right hand except the thumb. His leg was broken, and he spent six weeks in a hospital. There is some evidence that his right arm is perishing away and that his leg is swollen and enlarged. As was said in the case of C. & O. Ry. Co. v. Honaker, 190 Ky. 125, 226 S. W. 394:

"In the very nature of things the amount which will compensate a person for personal injury, especially where it is permanent, cannot be measured by strict and definite rules and must be left largely to the sound judgment of the jury. Hence, it is our rule not to disturb its finding unless the amount is so disproportionate to the injury as to strike us at first blush as being the result of prejudice or passion. . . . In recent years this court has been inclined to approve larger verdicts because of the increase in the cost of living and the decrease in the purchasing power of a dollar."

In that case a verdict for $15,000 for the loss of a foot was upheld. The loss of a hand is a more serious impairment of the power to earn money than the loss of a foot.

In the case of C. & O. Ry. Co. v. Dixon, 218 Ky. 84, 290 S. W. 1064, this court upheld the verdict of $20,000 for the loss of a leg below the knee. The element of physical and mental suffering entered into those cases as it does into this.

Judgment affirmed.