## CITY OF ST. LOUIS, Appellant, v. NELSON et al.

### Division One, June 28, 1902.

Grading Streets: CONFIRMATION OF COMMISSIONERS' REPORT IN PART: APPEAL. Where the report of the commissioners, in a proceeding by a city for the assessment of damages and benefits arising from the change of the grade of a street or streets, is confirmed in part, and exceptions thereto are sustained as to assessments of some lots, and new commissioners are appointed to make a new appraisement of them, there is no such final judgment as authorizes an appeal. There can be but one final judgment in such case. As long as there remains an element of uncertainty as to the amount of any individual owner's damage, the aggregate amount of damages to be paid is uncertain, the aggregate amount to be assessed against the city and the several property-owners benefited is uncertain, and an apportionment thereof between the city and the several property-owners benefited, as contemplated by the statute, can not be made. And, hence, to permit one individual property-owner to appeal from the amount allowed him, while newly-appointed commissioners are making further appraisements of the damages or benefits to others, would produce confusion, and destroy the interdependence of the assessments (of damages and benefits) upon each other.

Appeal from St. Louis City Circuit Court.—*Hon. H. D. Wood*, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*Chas. W. Bates* and *Alex. Nicholson* for appellant.

(1) This proceeding to assess damages and benefits for changing the grade of the streets is but one case, though all parties owning property within the benefit district are parties defendant, and though it affects separately all the parcels of property within such district. R. S. 1899, secs. 6109-6114; Railroad v. Erwin, 50 Mo. App. 552. (2) While the juris-

diction of the circuit court in condemnation proceedings is statutory, still, the proceeding is a judicial proceeding, and, in the absence of special statutory directions, the rules applicable to such proceedings govern. Union Depot Co. v. Frederick, 117 Mo. 138. (3) There can be but one final judgment in an action. R. S. 1899, sec. 773 (sec. 2213, R. S. 1889); McCord v. McCord, 77 Mo. 166; Ferguson v. Thatcher, 79 Mo. 511; Berkson v. Railroad, 144 Mo. 217; Spalding v. Bank, 78 Mo. App. 374. (4) But one final judgment or decree which shall "terminate the litigation" (respecting the change of grade) is contemplated or authorized in this proceeding. R. S. 1899, secs. 6109-6114; Kansas City v. Bacon, 157 Mo. 470. (5) Plaintiff is materially and injuriously affected in its substantial rights by the error of the court in rendering a final judgment as to a portion of the public improvement while leaving open for future determination or determinations other portions of such improvement.

*Leverett Bell* for respondent Aetna Iron Works.

The proceedings and judgment below conform in all things with the statute in such cases made and provided, and should be here affirmed. Constitution, sec. 21, art. 2; secs. 6109 to 6114, R. S. 1899; secs. 1815 to 1820, R. S. 1889; Laws 1885, p. 47; Laws 1887, p. 37; Laws 1870, p. 486; sec. 19, art. 6, city charter; Iron Co. v. St. Louis, 138 Mo. 608; 4 Am. and Eng. Ency. Law, pp. 919, 920; State v. Gorham, 37 Me. 451; Daniels v. Athens, 55 Ga. 609; Penn Twp. v. Perry County, 78 Pa. St. 457; Chicago v. Powers, 42 Ill. 169; 2 Am. and Eng. Ency. of Law, p. 513; St. Joseph v. Geiwitz, 148 Mo. 210.

*Kehr & Tittmann* and *J. M. Holmes* for respondent St. Louis Brewing Association et al.

(1) In cases like the present, where there is no joint or common interest between the parties, there may be several final judgments.  Bobb v. Woodward, 42 Mo. 482; St. Louis v. Lanigan, 97 Mo. 180; Kleiber v. Railroad, 107 Mo. 240; State ex rel. v. Tate, 109 Mo. 270; Fuchs v. St. Louis, 133 Mo. 168; Kansas City v. Bacon, 157 Mo. 470; St. Joseph v. Geiwitz, 148 Mo. 210; Berkson v. Kansas City Cable Co., 144 Mo. 217; St. Louis v. Buss, 159 Mo. 9.   (2) No benefits can be assessed in this proceeding against any of the property-owners.   The "changed grades" are merely bridge approaches. Turnpike Co. v. Board of Commissioners, 72 Ind. 237; Board of Commissioners v. Gravel Road Co., 87 Ind. 505; Whitcher v. Somerville, 138 Mass. 455; Penn Township v. Perry County, 78 Pa. St. 459; Daniels v. Athens, 55 Ga. 609; Chicago v. Powers, 42 Ill. 169.   (3) The city has not been given the right to withdraw the proceeding if it is dissatisfied with the aggregate amount of damages assessed.   R. S. 1889, secs. 1815-1821.

BRACE, P. J.—This is an appeal by the city of St. Louis from a judgment of the St. Louis City Circuit Court, in a proceeding under sections 6109-6114, Revised Statutes 1899 (secs. 1815-1820, R. S. 1889), for the assessment of damages and benefits arising from the change of grade of Twenty-first, Adams, Papin, Poplar, Randolph and Singleton streets in the city of St. Louis.   The judgment, omitting caption, is as follows:

"Now at this day this cause coming on to be heard on the exceptions of the city of St. Louis to the commissioners' report herein, and the court being advised of and concerning the same, doth order and adjudge and decree that the said exceptions of the plaintiff to the several awards of damages in said commissioners' report to and in favor of the following named defendants, to-wit, John Farrell, William Kelly, Louise Voltmer, Kate Supples, Patrick K. Supples, Frederick W.

Reinhardt, Regina Walsh and Margaret Walsh, be and the same are hereby sustained, and a new appraisement of the damages claimed by said above-mentioned parties by reason of the said improvement, is hereby ordered, and Delos R. Haynes, Fred C. Bonsack and Henry H. Denison are hereby appointed commissioners to make such appraisement. And the court doth further order, adjudge and decree that the said exception of plaintiff to the several awards of damages in said commissioners' report to and in favor of the following named defendants, to-wit, John C. Parter, Aetna Iron Works, lessee, Aetna Iron Works, Consolidated Steel and Wire Company, St. Louis Brewing Association, Missouri Malleable Iron Company, John Fitzpatrick, William Edenhorn, Sarah A. Edenhorn, Mary E. Walsh, Thomas J. Walsh, Margaret M. Kennedy, James Reedy and Anchor Warehouse Company, be and the same are disallowed and overruled, and the said report of the commissioners as to the last-named defendants severally described and articulated in said commissioners' report be and the same is in all things approved and confirmed, and the cause being submitted for final decree as to the last-named defendants; and it appearing to the court that all of said last-named defendants have been duly served with process, and that none of said defendants have heretofore, within the time allowed by law, filed any answer to the petition herein, nor any exceptions to the report of said commissioners, it is considered and adjudged by the court that the averments of said petition against said defendants are taken as by them respectively, confessed, and the court doth now find that the consent of the owners of the property to be affected by the change of grade of Twenty-first street, Adams street, Poplar street, Randolph street, Singleton street and Papin street under ordinance No. 15119, and to define the limits within which private property has been or will be benefited by changing the grade of Twenty-first street, Adams street, Poplar street, Randolph street,

Singleton street and Papin street under ordinance 16465, can not be obtained by the city of St. Louis, and the said city has failed and been unable to agree with such owners for the proper compensation for the damages sustained or likely to be sustained by said defendants by reason thereof. And the court doth now find that the actual damages sustained by John C. Parter, owner, Aetna Iron Works, lessee (the said John C. Parter having heretofore filed a remittitur in the sum of $100), of a lot of ground situated in city block No. 2282 and described in said commissioners' report to be the sum of $3,078.20; and the actual damages sustained by Aetna Iron Works owner of a lot of ground in city block 2282 and described in No. 2 of said commissioners' report, to be the sum of $15,660.20, and the actual damages of Consolidated Steel and Wire Mill Company, owner of a lot in block 2283, described in No. 3 commissioners' report to be $1,000, and the actual damages of St. Louis Brewing Association, owner of a lot in block 2282, described in No. 4 of the commissioners' report to be $529, and the actual damages of St. Louis Brewing Association, owner of a lot in block 2275, described in No. 5 of commissioners' report to be $12,023.25, and the actual damages of Missouri Malleable Iron Company (B. Roth Tool and Forge and Machine Company, lessee), owner of lot in block 2275, described in No. 6 of commissioners' report to be $8,580, and the actual damages of James Fitzpatrick, owner of a lot in block 2296, described in No. 7 of commissioners' report to be $1,408, and the actual damages of William Edenborn, owner of a lot in block No. 2296, described in No. 10 of commissioners' report to be $1,052, and the actual damages of Sarah A. Edenborn, owner of a lot in block No. 2296, described in No. 11 of commissioners' report to be $2,400, and the actual damages of Mary E. Walsh, Thos. J. Walsh and Margaret M. Kennedy, owners of lot in block No. 1702, described in No. 14 of commissioners' report

Vol. 169 mo—30

to be $400, and the actual damages of John Reedy, owner of lot in block 1702, described in No. 15 of commissioners' report to be $200, and the actual damages of Anchor Warehouse Company, owner of a lot in block ——, described in No. 19 of commissioners' report to be $3,337.37; which said sums the court doth allow said parties, respectively, as their damages. And the court doth order, adjudge and decree that the city of St. Louis pay the said sums to said parties as aforesaid within six months from the date hereof, with interest thereon from date at the rate of six per cent per annum. The court doth further order, adjudge and decree that all the costs of the proceedings be taxed against and be paid by the city of St. Louis."

The question to be determined is thus stated by counsel for appellant:

"The only question raised on this appeal is with respect to the court entering final judgment upon part of the commissioners' report and appointing new commissioners to make further report respecting the property described in that portion of the report which the court disapproved, the contention of the city being that there can be but one final judgment in the proceeding."

The solution of this question turns upon the proper construction of the statute cited, which constitutes a special and complete code of procedure for the assessment of damages: "In all cases where the proper authorities in any city in this State have graded or regraded, or may hereafter grade or change the grade or lines of any street or alley, or in any way alter or enlarge the same, or construct any public improvement, thereby causing damage to private property for public use within the meaning of section 21, article 2 of the State Constitution." [Sec. 6109, R. S. 1899.]

The damages are to be assessed by three commissioners appointed in a proper proceeding instituted by the city in the circuit court by petition in which all the owners of property

damaged or to be damaged must be made parties defendants, and section 6109 further provides that "the city authorities shall before the filing of such petition define by ordinance the limits within which private property is deemed benefited by the said change, enlargement, grading, regrading or improvement aforesaid, and the owners of private property within such limits shall be made parties defendant as herein provided, and served with notice and process as above provided."

The duties of the commissioners are twofold. *First.* "They shall view the said street or alley or improvement and premises affected by the change or enlargement or construction thereof, having due regard to and making just allowances for the advantages which have resulted or which may seem likely to result to the owner or owners of property for which damages may be allowed or claimed, and after such comparison shall estimate and determine whether any, and if any, how much, damages such property may have sustained or seems likely to sustain by reason thereof" [Sec. 6109]. *Second.* "It shall be the duty of the commissioners, in every case where damages are allowed as aforesaid, to provide for the payment of such damages by assessing against the city the amount of benefit, if any, to the public generally by reason of the change, enlargement or improvement aforesaid, and the balance, if any, against all property which shall, in the opinion of the commissioners, be especially benefited by the proposed change, enlargement or improvement, to the amount that each lot or tract of ground shall be benefited thereby." [Sec. 6110.] Having discharged these duties, the statute requires that they "make report of the same at the existing or following term of the court" [Sec. 6109]. And that "the report of the commissioners to the circuit court shall be in writing and under oath, and filed by the clerk thereof, and the damages allowed to, and the benefits assessed against each lot of ground, and the owner or owners thereof, shall be separately stated." [Sec. 6111.] And provides that "the

report of the commissioners may be reviewed by the circuit court on written exceptions, filed by any party in the clerk's office within ten days after the filing of such report, and the court shall make such order therein as right and justice may require, and may order a new appraisement on good cause shown, but the hearing of such exception shall be summary, and the court shall fix a day therefor without delay" [Sec. 6112.] And further provides that if no exceptions be filed within ten days after the filing of such report, "or in the event exceptions are filed and overruled, the court shall confirm the report and enter judgment thereon with costs, including three dollars per day to each commissioner, from which judgment either or any party shall be entitled to an appeal or writ of error, as in other cases." [Sec. 6109.] And by section 6114, it is provided that "all damages allowed shall, within six months from any final decree terminating the litigation, from which no appeal or writ of error is prosecuted, be paid out of the city treasury to the parties entitled thereto, and if the ownership of the property to which such damages are allowed is in controversy, the amount of the damages allowed said property shall, within the time aforesaid, be paid into the circuit court for the use of the successful claimant of the property." And by section 6110, it is further provided that "the sum to be paid by the owners of the property especially benefited as aforesaid shall be a lien on the property charged from the date of the final decree of the circuit court, and the court, when it makes such decree and confirms the report of the commissioners, shall render a special judgment against each tract or parcel of private property assessed in said report for benefits, to the amount assessed against each tract and parcel, which judgment shall be a special judgment and bind the property and the interests of the defendant therein."

The final judgment in this case against the city, in favor of the parties therein named, is sought to be sustained on the theory that "there is no joint or common interest be-

tween the parties to the proceeding." Hence, there may be several final judgments. The theory upon which the statute is based, is however, quite different. The subject-matter of the proceeding is a public improvement in which all the parties have a common interest as citizens of the municipality, and each a special interest by reason of the relation which his property sustains to that improvement. And its purpose is in one proceeding to which they are all made parties to adjust the burdens and benefits of such improvement fairly between them, and thus avoid the costly, incongruous, and perchance unfair, adjustment that would result from separate and independent suits by or against each of the individual property-owners. One of the main purposes of the Legislature was to avoid a multiplicity of suits and judgments in a matter in which the parties all have a common interest, and whose interests are so correlated and interdependent that they can only be adjusted in one proceeding terminated by one final judgment.

The salient provisions of the statute bearing upon the question in hand have been set out; when thus collocated in their natural order, as has been attempted, it becomes quite apparent that any construction of the act which leaves out of view the duplex character of the proceeding, must be partial and insufficient. The purpose of the act is to compensate the owners of property damaged by a public improvement, out of a fund to be raised by the assessment of the amount of such damage against the city and the property that will be benefited thereby. To accomplish this purpose in one proceeding, two assessments are provided for, by one set of commissioners, by one of which, the aggregate amount of the damages to be paid is ascertained, as well as the amount to be paid to each individual owner; and by the other the aggregate amount to be assessed for benefits as well as the amount to be paid by the city and each property-owner is ascertained, and these aggregate amounts must be precisely the same, however apportioned.

This equilibrium, of course, can only be established by a final decree, and such a decree can only be rendered after the amount of each individual owner's damage has been finally determined. As long as there remains an element of uncertainty as to the amount of any one individual owner's damage, the aggregate amount of damages to be paid is uncertain, the aggregate amount to be assessed against the city and the several property-owners benefited is uncertain, and an apportionment thereof between the city and the several property-owners benefited, as contemplated by the statute, can not be made. While the city is required to pay all the damages in the first place, it is not required to pay any damages until six months from the final decree terminating the litigation, by which the aggregate amount of all the damage to be paid is finally fixed. Then only does a lien enure to the city against the individual property to be benefited. Then only does it acquire a right to a judgment against such property for its proportional part of the benefits, and then only can it be known how much of such aggregate amount must be raised by the municipality. That aggregate amount is finally determined and fixed when no exceptions to the commissioners' report have been filed, or when such exceptions have been overruled, and for these reasons the commissioners' report has been confirmed, and the case is then in condition for final judgment or decree as provided for in section 6109. But that amount is not finally determined and fixed when the exceptions to some of the assessments are sustained, and as to them a new appraisement is ordered. For as long as there remains a contest, undetermined as to the damage to be paid to any individual owner, the aggregate amount of all the damages to be paid is undetermined and the case is not in condition for final judgment or decree. Hence, the judgment appealed from was premature and unauthorized by law, and can not stand. The nature and course of the proceeding can not be changed by the character of the work to be done in changing

the grade, and whether in this particular case private property is or is not benefited thereby can not have any such effect, and that is all we deem it necessary to say on that branch of the subject.

It follows from what has been said that so much of the order of the circuit court of November 6, 1899, as is interlocutory in its character is all right, and is therefore affirmed. But that so much thereof as contains a final judgment against the city in favor of the parties therein named is wrong, and the same will be set aside and for naught held, and the case will be remanded to the circuit court to be proceeded with in due course to final decree in accordance with the views expressed in this opinion.    All concur.