CASE 39.—ACTION BY CHARLES HALEY AGAINST THE PRICE & LUCAS CIDER & VINEGAR COMPANY.— March 1, 1910.

## Price & Lucas Cider & Vinegar Co. v. Haley

Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

MATT O'DOHERTY, Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1.  Master and Servant—Assumption of Risk—Safe Place to Work—Assurance by Master.—If the conditions, whether of place or machinery, are not reasonably safe when used as a servant is required to use them, but the danger is not so open that one of ordinary prudence seeing the situation would refrain from working, the servant may, upon the master's assurance of their safety, go ahead in reliance on the master's superior knowledge without assuming the risk.

2.   Master and Servant—Assumption of Risk—Safe Place to Work—Promise of Master to Repair.—Where a master had promised to repair a dangerous place of work or machinery, the servant, using extra precaution commensurate with the enhanced hazard, although having knowledge of the conditions, may continue to work without assuming the risk from the defects until after a reasonable time has transpired for making the promised repairs.

3.   Master and Servant—Injury to Servant—Contributory Negligence—Investigation by Servant—Assurances by Master.— Where an appliance had been defective for so long a time that the master must be presumed to have known of it, and it was safe only when the machinery was stopped during the particular work in which plaintiff was engaged when hurt, and the master agreed to stop the machinery, and reported that he.had done so, and the room was dark, and other noises tended to confuse the sounds so that it could not be discovered without special examination, or particular attention whether it had been stopped, plaintiff, without making further investigation, though he had safe means at hand to do so, was not negligent in relying on his master's assurance and going ahead with the work.

4.   Damages—Excessive Damages—Personal Injuries.—Where a day laborer 57 years old had his arm jerked off at the elbow, a verdict of $9,000 was not excessive.

GIBSON, MARSHALL & GIBSON for appellant.

MORTON K. YONTS and KOHN, BAIRD, SLOSS & KOHN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

The principal question presented by this appeal is: Does a servant, employed in a manufacturing establishment, have to examine whether the situation in which he is placed to work is reasonably safe, after his master, or the latter's vice principal, has assured him that it is safe? Appellant contends that the rule is that the servant must exercise ordinary care to acquaint himself with the condition of the premises, although the master may have assured

him that they have been put in a safe condition.  If
that were the rule, then there would be no value
given to the assurance of the master.  On the con-
trary, the rule is, if the conditions (whether of place
or machinery) are not reasonably safe when used as
the servant is required to use them, but the danger
is not so open that one of ordinary prudence seeing
the situation would refrain from working under
those conditions, the servant may, upon the master's
assurance of their safety, go ahead in reliance on the
master's superior knowledge, judgment, and provi-
dence, and he does not in that state of case assume the
risk.  The case is different from either where there
is no assurance, as where the servant might in that
event be compelled to make some investigation for
himself, or where there is a promise by the master
to repair, in which event the servant, though having
the knowledge of the conditions, does not assume the
risk from defects until after a reasonable time has
transpired for making the promised repairs, in the
meantime using extra precaution commensurate with
the enhanced hazard.  Here the danger was from a
defective appliance.  It had existed for so long that
the master must be presumed to have known of it;
it was safe only when the machinery was stopped
during the particular work in which appellee was en-
gaged when hurt; the master agreed to stop the ma-
chinery, and reported that he had stopped it; the
room was dark, and other noises tended to confuse
the sounds so that it could not be discovered without
special examination, or particular attention whether
it had been stopped; the servant, without making
further investigation, though he had safe means at
hand to do so, relied on his master's assurance.  We
think he had the right to do so, and it was not con-
tributory negligence that he did.

The servant's arm was jerked off at the elbow. The verdict was for $9,000. He was a day laborer, aged 57 years. We do not regard the verdict excessive.

Affirmed.