## Cowan, et al. v. Dillon.

(Decided March 11, 1915.)

### Appeal from Boyle Circuit Court.

Evidence—Rebuttal Evidence—Will Cases—Construction of Subsection 3 of Section 606 of Code.—In will cases the testimony of the propounders offered after the contestants have rested is in rebuttal, and sub-section 3 of Section 606 of the Code has no application to the order of its introduction. So parties to the contest may be introduced as witnesses by the propounders in rebuttal after other evidence has been introduced in their behalf.

CHENAULT HUGUELY and C. C. BAGBY for appellants.

NELSON D. RODES, HENRY JACKSON and CHAS. H. RODES for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

This is a contest over the will of Wash Moore, a colored man who died in Boyle County in February, 1913. In the disputed will, which was executed a few days before his death, after directing the payment of his debts and funeral expenses, he gave to Lou Dillon, the appellee, one dollar, and the rest of his small estate he gave, share and share alike, to his sisters, Mary Saw-

·yer and Amanda Moore, and to his friend, Tera Cowan. The will was contested by Lou Dillon, and from the judgment on the verdict finding that the paper offered was not the last will of Wash Moore, this appeal is prosecuted by the three devisees named and Chenault Huguely, the executor appointed in the will.

The contest was based on the grounds that the testator was mentally incapable of executing a will and that its execution was procured by undue influence, and on these issues the case went to the jury under the instructions of the court.

It is urged by counsel for the propounders that there was not sufficient evidence of mental incapacity or undue influence to justify the trial court in submitting either of these issues to the jury, and therefore there should have been a directed verdict finding the paper offered to be the last will of the testator.

The evidence of mental incapacity and undue influence is not at all convincing, but in view of the fact that the judgment appealed from must be reversed for another reason, and there may be a new trial, we will not express a more decided opinion upon this question.

On the trial of the case the propounders introduced the attesting witnesses for the purpose of showing the due execution of the will, and upon this evidence closed their case in chief. Thereupon the evidence for the contestant was introduced, and when the contestant had closed her evidence in chief, the propounders in rebuttal introduced the executor and the two attesting witnesses. They then offered as a witness Tera Cowan, one of the devisees, but the trial court, upon objection, refused to permit this witness to testify. To this ruling proper exception at the time was saved.

The evidence of this witness was excluded on the authority of subsection 3 of Section 606 of the Civil Code, which provides that: "No person shall testify for himself, in chief, in an ordinary action, after introducing other evidence for himself, in chief; nor in an equitable action, after taking other evidence for himself, in chief." The witness, Tera Cowan, being a devisee, was one of the parties to the contest, and so the question at issue is, was her testimony offered to be given in chief or in rebuttal? If this witness was offered in chief, her introduction would be controlled by the section of the Code referred to, but if she was offered in rebuttal, we think

the court should have permitted her to testify, as the Code provision applies only to evidence in chief. Burkhart v. Loughridge, 116 Ky., 604.

The precise question here involved was before the court in King v. King, 19 Ky. L. R., 868, in which the court said: "When the propounders of the will have made the *prima facie* case, as we have stated, the court should not require more of them in chief. Whatever testimony the propounders may offer after the contestants have rested is in rebuttal; hence it is not in violation of that provision of the Civil Code of practice which prohibits a party from testifying in chief for himself after having introduced other evidence in chief." To the same effect is Savage v. Bulger, 25 Ky. L. R., 1269.

Following these cases, which we think properly construed the section of the Code in its application to will cases, it was error to exclude Tera Cowan as a witness. That it was prejudicial error, is not to be questioned. She was one of the devisees, the nearest neighbor, and perhaps the most intimate friend Wash Moore had, and the fact, that he recognized her in his will as one of his devisees, was the sole ground upon which the theory of undue influence in the execution of the will was rested. It was, as said by the contestants, the undue influence exercised by this woman over Wash Moore that caused him to name her as one of his devisees. Under these circumstances she was the most important witness the propounders had on the subject of undue influence.

If, however, as urged by counsel for the contestants, the error in excluding this witness was not made a ground for a new trial, it cannot avail the propounders on this appeal, as errors like this cannot be taken advantage of on appeal unless they are mentioned in the grounds for a new trial.

In the fifth ground for a new trial we find this: "Because the court erred in refusing to allow the evidence offered for and on behalf of the contestees during the trial to go to the jury, to which exceptions were taken at the time." In the sixth ground for a new trial we find this: "Because the court erred in admitting incompetent evidence offered by the contestant, Lou Dillon, and in refusing competent evidence offered by the contestees, Tera Cowan, and others." These grounds sufficiently pointed out the error, although we think it is better practice to mention the name of the witness in

relation to whose evidence the trial court is charged with error, so that the attention of the court may be sharply called to the question raised.

In Meaux v. Meaux, 81 Ky., 475, two of the grounds for a new trial were: "Because the court permitted the introduction of incompetent and illegal testimony that was excepted to at the time; because the court erred in rejecting important testimony which was offered in his behalf." In holding these grounds sufficiently specific, the court said: "An error in rejecting competent testimony, or in admitting incompetent testimony, was, under the former practice, sufficiently stated, although general in its terms, in a motion for a new trial. The court, during the progress of the trial, must be presumed to know the exceptions reserved by counsel in this regard (for without the exceptions the error will not avail), and, when the motion is made, he is informed of the errors by reason of the exceptions." L. & N. R. R. Co. v. McCoy, 81 Ky., 403; American Insurance Company v. Austin, 18 Ky. L. R., 632.

For the error in excluding the evidence of this witness the judgment is reversed.