## A. Downs & Brother, et al. v. Firemen's Insurance Company of Newark, New Jersey.

(Decided December 19, 1924.)

### Appeal from Calloway Circuit Court.

1. Appeal and Error—General Assignment of Error Insufficient to Present Question of Correctness of Instructions or Court' sRuling on Evidence.—General statement in a motion and grounds for new trial "because of error of law occurring at trial, which was excepted to by plaintiff," held insufficient to call into question either correctness of instructions or rulings of court on matters of evidence.

2. Appeal and Error—Instructions Not Reviewed on Appeal where Not Identified or Made Part of Bills of Exception.—Instructions will not be reviewed on appeal where not identified by nor made a part of bill of exceptions, nor shown by bills of exceptions to have been excepted to by appellants.

3. Trial—Court Not Required to Submit Issue Not Supported by Pleadings and on which no Instruction Offered.—In action on contract to renew insurance, trial court could not be put in error for failing to submit issue as to contract subsequent to that alleged, especially where plaintiffs offered no instruction thereon.

4. Appeal and Error—Trial Court's Rulings on Evidence Not Reviewable where no Error Assigned in Motion for New Trial and

Grounds in Support Thereof.—Rulings of trial court on evidence were not subject to review where motion for new trial and grounds in support thereof did not assign as error any rulings of court in admission or rejection of testimony.

5.   Appeal and Error—Jury's Findings on Conflicting Evidence Not Disturbed.—Jury's findings on conflicting evidence on issues of fact will not be disturbed on appeal.

WEAKS & PHILLIPS for appellants.

COLEMAN & LANCASTER and ROBERT G. GORDON (BRUCE, BULLITT & GORDON) for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellants, Abiath Downs and G. W. Downs, tobacconists, buying and selling tobacco as A. Downs & Brother, sought to recover $1,000.00 of appellee upon an alleged contract of insurance. The jury found for the appellee.

Appellants were in the business of buying, storing and selling tobacco. They carried fire insurance on their tobacco through two different fire insurance agencies in Murray, Kentucky. The major portion of their insurance was written through the agency of McElrath & Frazee, who were not agents for appellee company, and the remainder of their insurance was written with M. D. Holton, who was agent of appellee company, as well as a number of other fire insurance companies.

For many years they did no business at all with Holton, but, beginning in December, 1921, and continuing until May, 1922, they took a number of policies with Mr. Holton. Practically all of those policies were taken for a period of five months. Several of these policies were canceled by the insured before expiration, and the remaining policies continued in force until their expiration, and no one of these policies was ever renewed. On April 21, 1922, Abiath Downs procured a policy in appellee company from Mr. Holton for $1,000.00 for a term of five months. That policy expired on September 21, 1922. The tobacco covered by that policy was destroyed by fire on September 28, 1922.

Several months after the fire, this suit was brought, charging specifically that on the 21st of April, 1922, when the policy of appellee was issued, it was agreed between

appellants and appellee, through its agent, Holton, that upon the expiration of said policy, to-wit, on September 21, 1922, appellee would renew the policy for a like term and for the same premium, and that appellee would not allow appellant's insurance to lapse. Whether such an agreement was made was and is the only issue in this case.

Three grounds for reversal are urged. First, that the instructions were erroneous. Second, that the court erred in excluding competent testimony offered by appellants. Third, that the verdict was against the evidence.

An examination of the grounds for a new trial discloses the fact that there is no mention at all of any error in the instructions. The only possible ground under which appellants might contend that it would be proper to consider an error in instructions is the blanket assignment "because of error of law occurring at the trial, which was excepted to by the plaintiff at the time." It has been held repeatedly by this court that this general statement in a motion and grounds for new trial is not sufficient to call into question either the correctness of the instructions or the correctness of the rulings of the court on matters of evidence. In fact, this court said in the case of L. & N. R. R. Co. v. Woodford, et al., 152 Ky. 398, 153 S. W. 722:

> "Furthermore, a blanket assignment 'of error of law occurring at the trial and excepted to at the time,' as we have in the seventh and last ground assigned for new trial in the case at bar, is not sufficiently specific to raise any question upon appeal. Meaux v. Meaux, 81 Ky. 475; L. & N. R. R. Co. v. McCoy, 81 Ky. 403; American Credit-Indemnity Co. v. National Clothing Co., 122 S. W. 840."

The instructions are not identified by nor made a part of the bill of exceptions, nor does the bill of exceptions show that the instructions were excepted to by appellants. The case of Gardner v. Alexander, 159 Ky. 713, 69 S. W. 466, is conclusive on this point.

The complaint of the instructions seems to be that they are not sufficiently comprehensive. Appellants' evidence was to the effect that on April 21, 1922, Abiath Downs made the contract to renew this policy with appellee's agent, Holton. There was also testimony by George W. Downs that in July, 1922, he also made a con-

tract of identical import and covering the same subject matter. Appellants seem to think that the instructions should have referred to the alleged agreement of July. However, the petition is based upon an alleged contract of April 21, 1922, and makes no reference at all to any subsequent alleged contract, and, as the petition furnishes the measuring stick by which the issues in the case are defined, it does not lie in the mouth of appellants to criticise the court for not submitting an issue to the jury which was not supported by their pleadings. Appellants did not offer any instruction covering that feature of the case, and, having failed to offer such instruction, they cannot complain of the court for failing to give one on that point. Deer Creek Mining Co. v. Moore, 200 Ky. 553, 255 S. W. 123.

The appellants cannot complain here of the rulings made by the court on matters of evidence, for the reason that the motion for new trial and grounds in support thereof do not assign as error any rulings of the court in the admission or rejection of testimony. Gooch v. Collins, 156 Ky. 282, 160 S. W. 1038.

The complaint of appellants that the verdict was ''against the evidence'' is not well taken. The province of this court in reviewing an issue of fact which has been determined by a jury, is well stated in the case of East Tennessee Telephone Co. v. Jeffries, 160 Ky. 482, 169 S. W. 825:

> ''Under this evidence it was for the jury to determine the issue. We have often said it is no ground for a reversal that a jury believed the fewer witnesses upon an issue, rather than the many.''

Abiath Downs testified that he made a contract to renew with appellee's agent, Holton. He was corroborated in some respects by his brother and co-appellant, George W. Downs, and was also corroborated in a very uncertain way by Guy Downs, who claims to have heard a conversation, but did not know what policy was under discussion, and did not know when the conversation occurred. Holton absolutely denied making any such agreement.

The issue was clear cut, the evidence was conflicting, and the jury credited the testimony of Mr. Holton.

The judgment is affirmed.