## Briggs v. Davis, Director General of Railroads, etc.

(Decided October 15, 1926.)

### Appeal from Lee Circuit Court.

1. Appeal and Error.—In action for injury to fireman, evidence as to assumption of risk held substantially the same as on former trial, so as to justify peremptory instruction for defendant as directed by Supreme Court on prior appeal.

2. Appeal and Error.—Opinion on prior appeal is law of case, the issues and evidence not being essentially different.

TALBOTT & WHITLEY and C. E. TYREE for appellant.

WOODWARD, WARFIELD & HOBSON and HUNT, NORTHCUTT & BUSH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is the second appeal of this case. The opinion on the former appeal, where may be found a statement of the facts and applicable law, is reported in 201 Ky. 784, 258 S. W. 663.

On the first trial, the present appellant recovered a verdict against the present appellee in the sum of $15,-000.00. The judgment on that verdict was reversed in the opinion above referred to on the ground that the present appellant had assumed the risk of the injury he had sustained. On that appeal the present appellant had insisted that the evidence in his case brought it within that exception to the general rule of assumption of risk which provides that where the servant acts in obedience to the direct order of his superior, and the risk in doing the work is not so imminent that a person of ordinary prudence would refuse to take it, the risk involved is then

shifted to and rests upon the employer. Answering that contention, we said:

"But we cannot assent to this; the evidence shows without contradiction that it was the regular duty of the fireman to take water into the tank, and the fact that on the occasion of his injury it so happened that he was given a specific direction by the engineer to take water could not have the effect to release appellee of the assumption of risk. The direction of the engineer was equivalent only to a suggestion to the fireman that the engine needed water, and that he in the exercise of his ordinary and customary duties should see that it was filled. There was neither direct nor inferred assurance of safety; it amounted only to a suggestion to appellee he should perform his customary duties in taking water. If at the time of such direction, however, appellee had complained of the danger incident to the work, and had directed attention of his superior, either to the manner in which the crane had been working as evidence of its unsafe condition, or had called attention to the fact, if it was a fact, that the fire hook was unsafe appliance with which to operate the crane, and then his superior had assured him of the safety of these things, or had directed him, even though they were unsafe, to proceed with his work, and he had then been injured, the exception to the rule might be applicable. But where there was no complaint, the fireman had operated the crane many times, and the engineer never had, the fireman knew all there was to know about how the crane operated, and how the appliance worked, and the engineer knew comparatively little. The facts furnished no reason for the application of the exception."

The opinion directed that if on the second trial of the case the evidence heard was substantially the same as that heard on the first trial, the court should peremptorily instruct the jury to find for the present appellee. On the second trial the circuit court did peremptorily instruct the jury to find for the present appellee and the propriety of this ruling depends on whether the evidence on the two trials was substantially the same. We are of opinion that it was. It is true that that part of the evidence bearing on the duty of the fireman with reference to taking water was more fully developed on the second trial

than it was on the first trial. But it was essentially the same. In substance the extended development of this branch of the case went only to establish more firmly this proposition—that whenever water was needed it was the duty of the engineer to let the fireman know that fact and then it became the duty of the fireman to see to it that water was put into the tank of the tender. This does not change the essential facts present in the first trial, and which we said were insufficient to take the case out of the general rule of assumption of risk. This same evidence was present on the first trial although not quite so amply elaborated. As said in our former opinion, at best it simply shows that it was the duty of the engineer to let the fireman know when it was necessary for the fireman to discharge the duties pertaining to his office. The opinion of the former appeal being the law of the case, and the issues and the evidence on the two trials not being essentially different, it follows that the lower court committed no error in giving the peremptory instruction it was directed to give in the former opinion, and its judgment is affirmed.