## Chesapeake & Ohio Railroad Company v. Dixon.

(Decided February 4, 1927.)

### Appeal from Lawrence Circuit Court.

1. Appeal and Error—Instruction as Modified to Meet Suggestion of Supreme Court in Former Decision Became Law of Case.—Where Supreme Court held in former decision that instruction would not have been objectionable had addition been made thereto, instruction as modified became law of case, notwithstanding former opinion did not peremptorily direct giving instruction as so modified at retrial.

2. Appeal and Error—The Supreme Court is Bound by its Opinion on Former Appeal.—Where there was no material difference in essential facts in second trial, the Supreme Court is bound by its opinion on former appeal.

3. Appeal and Error—Instruction on Contributory Negligence, Impliedly Approved on Former Appeal, Became Law of Case.—Where on former appeal Supreme Court, while considering other instructions, declared that other questions required no separate consideration, instruction on contributory negligence was thereby impliedly approved and became law of case.

4. Appeal and Error—Rule that Law of Case Controls as to Errors which Might Have Been, but were Not, Relied on.—Rule of law of

case is that opinion on first appeal not only controls as to errors relied on which were considered, but as to errors appearing in first record which might have been, but were not, relied on.

5. Damages—$20,000.00 for Injuries to Section Man Resulting in Amputation of Leg Below Knee, and Injuries to Coccyx and Pelvis Destroying Earning Power of $100.00 per Month, held Not Excessive.—$20,000.00 to section man 37 years of age, earning $100.00 a month, for loss of leg below knee, and injuries to coccyx and pelvis bone destroying earning power, held not excessive.

6. Evidence—It is Common Knowledge that Earning Power of Money is Probably Less than 5 per Cent.—It is matter of common knowledge that earning power of money under modern conditions is probably less than 5 per cent. on the average.

7. Appeal and Error—New Trial is Granted for Excessiveness of Verdict Only when it Appears to be Result of Passion or Prejudice.—It is only when amount of verdict is so glaringly excessive that it appears at first blush to be result of passion or prejudice that new trial will be granted on that ground.

BROWNING & REED and KIRK, KIRK & WELLS for appellant.

JOHN W. WOODS for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

This is the second appeal in this case. The opinion on the former appeal will be found at 212 Ky. 738, and that opinion is referred to for a statement of facts. There was no material difference in the essential facts disclosed upon the second trial. On the first trial there was a verdict for the plaintiff of $25,000.00 in damages, and the judgment on that verdict was reversed in the former opinion primarily for the reason that the instruction on the measure of damages was erroneous.

On the last trial there was a verdict for the plaintiff of $20,000.00 in damages, and this appeal is from a judgment entered on that verdict.

A reading of the former opinion will disclose that the plaintiff's right of recovery depended largely upon an alleged violation of two rules promulgated by appellant to control the operation of motor cars on its tracks. Those two rules are copied in the former opinion and discussed at length. The company upon both appeals in avoidance of the application of such rules relied upon the alleged habitual, customary and known violation of them by the section foreman of the plaintiff's section crew, and of each and all of the members thereof, includ-

ing appellee, whereby, as alleged, the rules were abrogated. 'On this question defendant offered upon the first trial an instruction which the court declined to give, and while in this court's opinion it was not expressly held that such action of the trial court was reversible error, it is said the instruction "would not have been objectionable" had there been added, in substance, the following: "Provided Dixon acquiesced in the manner of operation and speed of the car at the time the power was turned on at the curve, and the car began to pick up speed immediately before the accident."

On the last trial the court gave the instruction so rejected on the first trial, and appended to it the precise words of the former opinion, and the contention now is made that the court erred in so modifying the instruction, notwithstanding the language of the former opinion.

Wholly apart from the merit of the question this court is unmistakably bound by its opinion on the former appeal. While that opinion does not peremptorily direct the giving of that instruction upon another trial as so modified, the language is wholly inconsistent with any other view than that the instruction as so modified is the law of this case under the evidence.

Appellant relies upon L. & N. R. R. Co. v. Cox, 154 Ky. 100, in support of its contention that the language of the court in the former opinion was a mere suggestion as to the modification of this instruction, and is not such as to require the giving of same on the second trial. In the case cited, however, the court in the first opinion had indicated that an instruction upon a certain feature of the case should be given, but did not state the terms in which it should be given, and for that reason on a second appeal it was said the question would not be deemed to have been settled by that opinion. Here, however, the court said in terms that the instruction as offered by appellant was not objectionable when there was added to it, in substance, the words shown in the former opinion.

Obviously we are precluded by the language of the former opinion from considering this alleged error.

But it is said the trial court erred to appellant's prejudice in not giving a more concrete and more detailed instruction on the question of contributory negligence, such being offered by appellant.

The contributory negligence instruction given on the last trial was in the exact terms of the one given upon the

former trial. On the first appeal complaint was made by appellant of that instruction, but the court, while considering two other instructions and directing what they should contain upon another trial, wholly ignored appellant's contention as to this instruction, and there was no mention whatsoever of the question of contributory negligence; but the court did say in the concluding clause of the opinion, "other questions made by appellant, in view of what has been said, require no separate consideration."

By plain inference the quoted language imports the meaning that, while the court had considered the other alleged errors relied upon by appellant, they were not deemed of sufficient merit to call for separate consideration, and were therefore by plain implication overruled.

The rule of the "law of the case" is that the opinion on the first appeal not only is controlling as to errors relied upon for reversal upon that appeal where they are considered in the opinion, but as to errors relied upon on the first appeal but not mentioned in the opinion, as well as to errors appearing in the first record which might have been, but were not, relied upon. C. N. O. & T. P. R. R. Co. v. Perkins, Admr., 193 Ky. 207.

Under the language of the first opinion there was at least an implied approval of the contributory negligence instruction, and if the quoted language had not been in the opinion it would have stood approved under the rule above stated.

But is is said the verdict is excessive, and on that subject defendant's counsel, with commendable candor, say in their brief:

"We have no desire to attempt to minimize the extent of appellee's injuries, and that they are of a serious nature and have resulted in a permanent impairment of his power to earn money is conceded. Disregarding the minor injuries, it appears that as a result of the accident appellee has lost his right leg, amputation being between the ankle and knee; also, that he received a serious injury to the coccyx and pelvis bone. There is no doubt but that as the result of his injuries he has suffered considerable mental and physical pain."

This admission, when taken in connection with the recitals in the former opinion as to the nature and extent of appellee's injuries, necessitates little further comment.

Appellee was 37 years of age at the time of his injuries, and had approximately a life expectancy of 27½ years. He was in good health and earning about $100.00 a month. The evidence on the last trial, held approximately three years after the injuries, disclosed even to a greater extent the seriousness and permanency of the injuries, and that not only has his earning power been completely destroyed, but that he will remain a hopeless cripple throughout life.

It is a matter of common knowledge that the earning power of money under modern conditions is probably less than 5% on the average; and conceding that he might earn that percentage on the amount of the verdict it would be only $1,000.00 per year. Upon this income it is obvious he could not live in his crippled condition; and that, even apart from the professional services which he obviously will require from both doctors and nurses, each year he will be required to go into his principal.

Not only so, the evidence shows that he has already submitted to two operations on his foot and leg, and to a most painful and severe one upon his back; and that he has suffered intensely from all of those injuries, and will doubtless continue to do so throughout his life, and in fact has suffered greatly from some minor and less serious injuries.

On the question of excessive damages, from the nature of things, each case must be determined largely upon its own facts; and although in the former opinion the question was expressly reserved as to the excessiveness of a $25,000.00 verdict, we do not find ourselves able with any degree of reason or logic to say that the last verdict is excessive under the facts of this case. It is only when the amount is so glaringly excessive that it appears at first blush to have resulted from passion or prejudice, that a new trial will be granted on that ground. East Tennessee Telephone Co. v. Jeffries, 160 Ky. 482. Clearly that cannot be said in this case upon a consideration of the nature and extent of the injuries, and especially in the light of the two verdicts.

Judgment affirmed.