## Fletcher American Company v. Culbertson et al.

(Decided October 16, 1928.)

GIFFORD & STEINFELD for appellant.

HUMPHREY, CRAWFORD & MIDDLETON, ED. P. HUMPHREY, CHAS. G. MIDDLETON and MARVIN H. TAYLOR for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

This is the second appeal of this case. The former opinion is found in 215 Ky. 695, 286 S. W. 984. The facts are stated in that opinion, which renders it unnecessary to restate them. The first important question confronting us in disposing of this appeal is whether there is anything left open by the former opinion that we can consider. The court concluded the former opinion in this language:

"On the whole case the court should have instructed the jury peremptorily to find for the plaintiff."

This is the law of this case, regardless of whether the conclusion was sound or unsound, unless the issues and evidence heard upon this appeal are materially different. In McClintock v. McClure, 171 Ky. 714, 188 S. W. 867, Ann. Cas. 1918E, 96, this court held that an opinion upon a former appeal is the law of the case only in so far as the issues and evidence upon a subsequent trial are the

same.  In the brief filed in behalf of appellees, counsel say:

"The new evidence produced by the defendants on the second trial was of the greatest importance. For the most part it was developed from the testimony of Bowen, the plaintiff's agent, whom the plaintiff never saw fit to put on the stand.  Bowen's testimony established positively that he was the agent of the plaintiff in making the sale of this stock, and that the misrepresentations he made were from information actually furnished him by the plaintiff. Bowen's testimony further cleared up the question of laches by showing that he, the agent of the plaintiff, had arranged with the plaintiff for the various renewals, and that these renewals were granted and the matter delayed at his request upon the part of the plaintiff."

It is not contended that the issues have been changed since the former appeal, and appellees must rest their case wholly on the question as to whether the new evidence was so material as to show that the former opinion did not take into consideration the facts produced on the second trial.

An examination of the former record discloses that the answer filed by appellees contained the positive and affirmative plea that appellant maintained an office in the city of Louisville, and that R. M. Bowen, who signed the notes sued on, was employed by the Fletcher American Company as its agent, and was actually engaged in selling and promoting the sale of stocks, bonds, and other securities offered for sale by the appellant, and that it was through Bowen, as agent for the appellant, that the stock of the Midwest Engine Company was sold to the appellees.  It was further affirmatively alleged that Bowen signed the various renewal notes, and that appellees signed them, relying upon the guaranty of Bowen that he would take up the note; that they relying upon the representations of Bowen that he would take up the note, did not make any investigation of the financial condition of the Midwest Engine Company, or of the representations of the Fletcher American Company through its agent, R. M. Bowen.  An examination of the instructions of the court at the first trial shows that the main issue before the jury was whether R. M. Bowen was the agent of the Midwest Engine Company in selling the

stock, or whether he was the agent of the Fletcher American Company. The instructions were built around the idea that, if Bowen was the agent for the Midwest Engine Company in the sale of the stock, and made fraudulent representations to the appellees, the Fletcher American Company, being an innocent purchaser, was entitled to recover on the note. But if Bowen was the agent of the Fletcher American Company, and made the fraudulent representations as claimed by appellees, the jury was authorized to return a verdict in favor of the appellees.

The late lamented Judge Barker, before whom the first trial was had, in overruling the motion for a new trial, said:

"I think the motion of the plaintiff for a new trial should be overruled. Before the trial of the case, I had never seen any of the parties to the litigation. After hearing all the evidence, and hearing the most excellent argument of counsel on both sides before the jury, I became thoroughly convinced that the merits were with the defendants. Bowen was, in my opinion, the agent of the plaintiff corporation, and was acting within his authority in making the false statements in regard to the corporation and its officers to the defendants, and I cannot agree to the valuation placed upon them by plaintiff's counsel. He seems to think that these statements are not to be treated as falsehoods, but, in the language of Pooh Bah in the play, as 'merely corroborative detail, intended to give artistic verisimilitude to an otherwise bald and unconvincing narrative.' "

When the case came to this court before, the issue had been whether Bowen was the agent of the appellant, or whether he was the agent of the Midwest Engine Company. The jury, under the instructions, must have found in that case that he was the agent of appellant, and the trial judge seems to have so considered the verdict of the jury. This court, with all these facts before it, holding that a peremptory instruction should have gone in favor of the appellant, went so far as to say:

"The rule is well established, even where the renewal is between the same parties, that the defense of fraud in the obtaining of the original note cannot be made when the renewal was executed with knowledge of the fraud, or with knowledge of such facts as should have put the maker upon inquiry."

The court then proceeded:

"Appellees were put on notice that something was wrong when the dividends ceased. They were certainly put upon inquiry when the company went into the hands of the receiver, yet without inquiry, after this, they executed three renewals of the note. The Fletcher American Company had in its hands money belonging to the Midwest Engine Company. If complaint had been timely made, it might have protected itself, but to allow the defense to prevail now is to make it bear the loss which has been occasioned by the failure of appellees to act promptly, or to make inquiry. Plainly from the record they trusted in Bowen. They must bear the loss rather than the Fletcher American Company."

The quotation contains the law of this case. The additional evidence introduced on the second trial was in support of an issue which was decided in favor of the appellees on the first trial, and for that reason it cannot be said that it was such as would change the law of the case as expressed in the former opinion. Briggs v. Davis, Director General, 216 Ky. 93, 287 S. W. 362; C. & O. R. R. Co. v. Dixon, 218 Ky. 84, 290 S. W. 1064; Pickrell et al. v. Wilson et al., 217 Ky. 430, 289 S. W. 1100.

Having reached the conclusion that the former opinion is the law of the case, it follows that the judgment of the lower court must be reversed, with directions to the court to instruct the jury to return a verdict in favor of appellant.

Judgment reversed, and cause remanded, for proceedings consistent with this opinion.

Whole court sitting.