# City of Newport v. McElwee.

(Decided Dec. 6, 1932.)

ARTHUR J. DALY for appellant.

ARTHUR C. HALL and PHIL J. RYAN for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Charles McElwee recovered judgment against the city of Newport for $12,500 for personal injuries sustained when he fell upon a street of the city, and the city has appealed.

The petition alleged that his fall was due to the dangerous and unsafe condition of the street, which condition was known, or could have been known, by the officials of the city by the exercise of ordinary and reasonable care.

The answer consists of a general denial, and as an affirmative defense a plea of contributory negligence. A reply controverting the affirmative allegations of the answer completed the issues.

As grounds for reversal, appellant urges (1) that the verdict of the jury is excessive and the result of passion and prejudice; (2) that the trial court erred in refusing to exclude incompetent evidence as to the condition of the street after the accident is alleged to have occurred; (3) that the court also erred in overruling appellant's motion to permit the · jury to view the scene of the accident.

Evidence for appellee is, in substance, that about the 15th day of February, 1930, as he was walking across Isabella street where it intersects Seventh street, he stepped into a hole in the street about six or seven inches deep, and was thereby caused to violently fall; that he sustained an impacted fracture of the right hip or pelvis bone, and also a fracture of the bone of the right arm at the elbow. He remained in a hospital for 7 weeks, and was then removed to his home, where he was confined to his bed most of the time to the date of the trial in November, 1931, being unable to walk without the use of crutches.

Doctors who treated him testified that his injured leg is about an inch shorter than the other; that its motion and usefulness is impaired about 50 per cent., and that he will likely never be able to walk without the aid of a crutch or cane; that his right arm is disabled about 75 per cent. and the injuries to both limbs are permanent. It is also shown that appellee sustained considerable nervous shock, and that up to the time of the trial he had suffered, and would continue to suffer, pain as a result of his injuries. The evidence indicates that, for medicines, medical attention, hospital bills, and a nurse, his expenses amount to considerably over $1,000.

Appellee was a painter and grainer, and, when not so engaged, would sometimes do carpenter and repair work. He testified that his earnings were about $35 to $40 per week, and that he was employed practically all the time previous to his injuries, but since that time had been unable to do any work. He is about 60 years old, and the evidence shows that previous to the time he sustained his injuries he was a healthy active man. The evidence indicates that he will be unable to follow a trade of painter or grainer, since the doctors testified that he will be unable to straighten his arm, and that because of the impaired and crippled condition of his

leg it will be dangerous for him to climb or to work on ladders.

Counsel for appellant raises no question as to the nature or extent of appellee's injuries, but, on the contrary, says in brief:

> "His physical condition at the time of the trial would excite a feeling of sympathy and pity in any human being. No sane person would trade places with appellee for any sum of money."

However, it is argued that, notwithstanding the extent of his injuries, the verdict is so excessive as to indicate that the jury was controlled by sympathy, passion, and prejudice, rather than by deliberate consideration of the law and evidence.

To properly present his case, it was necessary for appellee to be in the courtroom and appear as a witness before the jury. That right could not be denied him. It does not appear, nor is it charged, that there was any attempt to magnify or to make undue display or parade his injuries. Naturally, sympathy would be aroused for one in a physical condition such as that depicted by counsel. But sober, intelligent, and discreet men, such as the law presumes will be called to jury service, will not allow sympathy and emotion to supplant reason and deliberation, and it will be presumed that a jury, in making a verdict and fixing damages, properly measured the evidence by standards indicated by the instructions.

The weight to be given the evidence in fixing damages like that on any issue is a matter peculiar to the province of the jury, and this court will not set aside a verdict of a properly instructed jury as excessive unless damages awarded are so great as to necessarily indicate passion or prejudice upon the part of the jury. Beaver Dam Coal Company v. Daniel, 227 Ky. 423, 13 S. W. (2d) 254; Chesapeake & O. R. Co. v. Dixon, 218 Ky. 84, 290 S. W. 1064; Cunliffe v. Chumbler, 226 Ky. 415, 11 S. W. (2d) 105.

Counsel's attack on the evidence as to appellee's earnings prior to his injury is after all a challenge to his credibility as a witness, but it must not be overlooked that he was substantially corroborated by others as to wages he earned and the time he was employed. That, too, was a matter for the jury.

In the case of Price & Lucas C. & V. Co. v. Haley, 137 Ky. 305, 125 S. W. 720, it was held that a verdict of $9,000 in favor of a day laborer, 57 years of age, for loss of an arm was not excessive. See, also, Chesapeake & O. R. Co. v. Kennard, 223 Ky. 262, 3 S. W. (2d) 649; Southern R. Co. in Ky. v. Dugless, 169 Ky. 360, 183 S. W. 937; Chesapeake & O. R. Co. v. Stapleton's Guardian, 223 Ky. 154, 3 S. W. (2d) 209, and the cases cited therein.

Taking into consideration evidence showing expenses incurred, loss of time, pain, and suffering which appellee has endured and will continue to endure, and the permanent inpairment of his power to earn money, it appears that the verdict, while substantial, is not excessive.

Argument that the court committed error in admitting proof as to the condition of the street after the accident occurred cannot be considered here, since such alleged error was not included in motion and grounds for new trial. It is a fixed rule in this state that the ruling of the trial court in admission or exclusion of evidence will not be reviewed on appeal, unless made grounds in motion for new trial. Gooch v. Collins, 156 Ky. 282, 160 S. W. 1038; Cowan v. Dillon, 163 Ky. 496, 173 S. W. 1160; A. Downs & Bro. v. Firemen's Insurance Co., 206 Ky. 316, 267 S. W. 153.

It is most earnestly argued that the court erred to appellant's prejudice in not sustaining motion to have the jury visit and inspect the street at the point in controversy. Trial was had more than 18 months after the accident occurred, the street had been repaired in places, and necessarily the conditions were not the same. One party maintained that there was a hole several inches deep from which the brick were missing, while the other claims there was only a depression of an inch or two with no brick out of the surface. An asphalt mixture had been used in filling the hole or depression, which the city offered to remove but then the jury could not have determined with any reasonable certainty whether the conditions were the same as existed in February, 1930. This was a matter within the discretion of the court, and clearly there was no abuse of such discretion.

Judgment affirmed.